UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RUFAIL AMADU and SAMIRA SULEMANA, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD A. BRADSHAW; CRETE CARRIER CORPORATION; JOHN/JANE DOES #1–10, A Fictitious Person(s); and ABC CORPORATIONS #1–10, Fictitious Corporations, j/s/a. <br><br> Defendants. | Civil No 15-8033 (RBK/AMD) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This case arises from a motor vehicle accident involving Plaintiff Rufai Amadu ("Amadu") and Defendant Chad A. Bradshaw ("Bradshaw"). Presently before the Court is Amadu and Plaintiff Samira Sulemana ("Sulemana" and collectively with Amadu, "Plaintiffs")'s Motion to Remand ("Plaintiffs' Motion") [Dkt. No. 4]. For the reasons that follow, Plaintiffs' Motion will be **GRANTED**.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are as alleged in the Complaint [Dkt. No. 1-1]. On or about October 15, 2014, Amadu was operating a motor vehicle traveling west on White Horse Pike and stopped in the "curb lane" for a red traffic signal near the intersection of Ogg Avenue and White Horse Pike in Somerdale, New Jersey. (Compl. at First Count, ¶ 4.) Bradshaw was operating a motor vehicle on White Horse Pike, also traveling west, in the passing lane next to Amadu. (*Id.* at First Count, ¶ 5.) Bradshaw's vehicle was owned by Defendant Crete Carrier Corporation ("Crete

1

Carrier"). (*Id.* at First Count, ¶ 6.) Bradshaw struck Amadu, which caused Amadu's vehicle to spin out of control, and Amadu ultimately struck the building of non-party Cooper's Auto Service, Inc. and a pole. (*Id.* at First Count, ¶ 7.) As a result, Amadu sustained multiple injuries. (*Id.* at First Count, ¶ 10.) Plaintiffs filed this suit against Bradshaw and Crete Carrier (collectively, "Defendants"), as well as John/Jane Does and ABC Fictitious Corporations who may have actually been operating or owned the vehicle which struck Amadu, claiming negligence, vicarious liability, and a per quod claim for Sulemana. (*See generally id.*)

Plaintiffs filed their complaint in the New Jersey Superior Court, Law Division, Camden County on or about August 6, 2015 under Docket Number CAM-L-3035-15 (the "Amadu Action"). (*See id.* at Civil Case Information Statement; *see also* Santangini Cert. (contained within [Dkt. No. 4]) ¶ 3; Pls.' Mot. Br. [Dkt. No. 4-1] at 1.[1]) Plaintiffs were also named as defendants in a companion action in the New Jersey Superior Court, Law Division, Camden County filed by Utica National Insurance Group a/s/o Coopers Auto Service (the "Utica Action") under Docket Number CAM-L-2553-15. (Santangini Cert. ¶ 5; Pls.' Mot. Br. at 1.) The Utica Action arose from the same motor vehicle accident, and Defendants were named as co-defendants of Plaintiffs in the Utica Action. (Santangini Cert. ¶¶ 6–7; Pls.' Mot. Br. at 1.) On October 23, 2015, the Honorable David M. Ragonese, J.S.C., signed an order consolidating both the Amadu Action and the Utica Action under the docket number of the Utica Action pursuant to New Jersey Court Rule 4:38-1. (Santangini Cert. ¶ 8; Pls.' Mot. Br. at 1; *see also* Order Granting Consolidation (Ex. B to Santangini Cert.).)

---

[1] Plaintiffs' Motion Brief is not paginated. All page number references are to the page numbers assigned by the CM/ECF system.

On October 26, 2015, Plaintiffs made representations to Defendants regarding all of the alleged injuries to Amadu, but declined to provide a dollar amount. (Notice of Removal [Dkt. No. 1] ¶¶ 8–9; Ex. D to Notice of Removal [Dkt. No. 1-4].) Based on this, Defendants believed the damages would exceed $75,000.00. (Notice of Removal ¶ 10.) Defendants then filed a Notice of Removal [Dkt. No. 1] in the Amadu Action only on November 11, 2015 pursuant to 28 U.S.C. § 1441. Plaintiffs' Motion followed on December 1, 2015. (*See generally* Pls.' Mot.) Having been briefed by the parties, Plaintiffs' Motion is now ripe for review.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant in a state court action may remove the case to federal court if "the district courts of the United states have original jurisdiction" over the action. Federal courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress has authorized federal subject matter jurisdiction in civil suits where the amount "in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." 28 U.S.C. § 1332(a)(1). "A natural person is deemed to be a citizen of the state where she is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). A corporation is "deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The statutory requirement that parties be citizens of different states means that complete diversity of citizenship must exist; if any two adverse parties are citizens of the same state, there is no jurisdiction. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967).

3

Once an action is removed pursuant to 28 U.S.C. § 1441, a plaintiff may challenge the removal by moving to remand the case back to the state court in which the case originated. The removal statute is strictly construed, and all doubts are resolved in favor of remand. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). "The party seeking removal carries the burden of proving that removal is proper." *Id.* (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

### III.  DISCUSSION

The parties essentially dispute whether the consolidation of the Utica Action and the Amadu Action has resulted in one case or remains two separate cases. Plaintiffs submit that if they are one case, then complete diversity does not exist among all adverse parties. (Pls.' Mot. Br. at 2–3.) Defendants argue that there are still two cases. (Defs.' Opp. at 2–3.)

As alleged in the Complaint, Plaintiffs are residents[2] of New Jersey, Bradshaw is a resident of Pennsylvania, and Crete Carrier maintains its principal place of business in Nebraska. (Compl., First Count ¶¶ 1–2 (second instance).[3]) Plaintiffs further submit that Utica National Insurance Group a/s/o Cooper's Auto Service is a citizen of New Jersey based on the fact that Cooper's Auto has its principal place of business in New Jersey. (Pls.' Mot. Br. at 3.) Defendants do not contest any of these stated citizenships. (*See generally* Defs.' Opp.; State Court Answer [Dkt. No. 7-2].) Thus, if both the Utica Action and the Amadu Action are

---

[2] In the typical case, averments of residency are jurisdictionally inadequate. *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012). However, no evidence or allegation has been put forward that the pleading inaccurately sets forth the citizenship of the parties. The Court is thus satisfied for the purposes of this motion that the pleading of residency suffices for citizenship.

[3] The Complaint includes two paragraphs numbered as Paragraph 2 within the First Count.

considered to be one case, then there are citizens of New Jersey who are adverse to each other, destroying diversity.

The role of this Court is not to decide whether it was proper for the state court to consolidate the actions, but whether the consolidation affects this Court's jurisdiction. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (holding that a United States District Court lacks subject matter jurisdiction to review a final state court judgment in a judicial proceeding). Specifically, the issue is whether each part of the consolidated claim shall be reviewed independently, or as one case for the purposes of determining federal subject matter jurisdiction.

As pointed out by Judge Scheindlin of the Southern District of New York, "few federal courts . . . have considered the effect of state consolidation on jurisdiction." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005). However, those courts "have found that, under certain circumstances, where two actions are consolidated into a single action, state-ordered consolidation may affect jurisdiction and removability." *Id.* at 353–54 & nn. 92–95 (collecting cases). The court in *In re MTBE* proceeded to analyze the relevant state rules and found that in Maryland, consolidation of two cases into one made them one action. *Id.* at 354–55. Similarly, in the Eastern District of Pennsylvania, Judge Schiller determined that a state court consolidation order "makes clear that the combined actions are to be treated as if they 'had been originally commenced as a single action.'" *Cottman Transmission Sys., LLC v. Bence*, No. 03-5467, 2004 WL 98594, at *2 (E.D. Pa. Jan. 15, 2004) (quoting the state court's order).

The Ninth Circuit has recently had chance to opine on this issue as well, noting that "there does not appear to be any circuit court case on this issue," and ultimately relying on

5

California state law to find that two consolidated cases had become one single case. *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929–30 (9th Cir. 2015) (adopting the reasoning of *In re MTBE* and *Cottman* in deciding to rely on California state law). It therefore appears that the proper recourse is to turn to New Jersey state law to determine what effect consolidation has in New Jersey in order to determine what effect state court consolidation has on this Court's jurisdiction.

New Jersey law on this is clear: actions that are initiated separately and subsequently consolidated become a single action. *See, e.g.*, *Ettin v. Ava Truck Leasing, Inc.*, 53 N.J. 463, 477 (1969) ("In legal contemplation, consolidation fuses the component cases into a single action." (internal quotations omitted)); *Shambry v. N.J. Transit Bus Operations, Inc.*, 307 N.J. Super. 390, 395 (App. Div. 1998) ("[N.J. Court Rule] 4:38-1, relating to the consolidation of multiple actions, contemplates that separate actions will be fused into one single action."); *Florio v. Galanakis*, 107 N.J. Super. 1, 5 (App. Div. 1969) (per curiam) ("Although the three actions were originally instituted as separate actions, their consolidation by the court fused them into a single action.")

Based on New Jersey law, this Court cannot un-bundle the Utica Action and the Amadu Action and convert them to back to two separate cases. The Amadu Action was subsumed into the Utica Action before the Notice of Removal was filed in this Court. As such, there are New Jersey citizens who are adverse to each other. Jurisdiction cannot exist under 28 U.S.C. § 1332(a), and so removal is improper under 28 U.S.C. § 1441.

Defendants argue that this matter should remain in federal court because Plaintiffs acted in bad faith to delay Defendants' ability to determine whether the case would meet the jurisdictional threshold amount in controversy. (Defs.' Opp. [Dkt. No. 7] at 3–4.) Defendants

rely on the three requests they sent Plaintiffs pursuant to New Jersey Court Rules to ascertain the amount of damages Plaintiffs would be seeking and Plaintiffs dilatory responses that necessitated Defendants filing a motion to compel. (*See id.*; *see also* Pennington Cert. [Dkt. No. 7-1] ¶¶ 9–13.) However, this argument is unavailing. Although 28 U.S.C. § 1446 does contemplate that a plaintiff may act in bad faith in order to delay a defendant's ability to remove, this only permits the defendant a longer time to remove than the normal 30 days from service of the complaint and summons. *See* 28 U.S.C. § 1446(c). There is no "bad faith" exception to the existence of jurisdiction.

Further, the Complaint alleged a substantial amount of permanent injuries and ongoing medical expenses such that Amadu "has and will be prevented from attending to his normal daily activities, work and general affairs." (Compl. First Count ¶ 10.) Defendants could have surmised on the basis of this alone that Plaintiffs' damages would exceed $75,000 and removed the case. *See Dugan v. Acme Markets, Inc.*, Civ. No. 15-5267 (RBK/KMW), 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016) ("This Court has on many occasions held that personal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000."); *cf. Frederico v. Home Depot*, 507 F.3d 188, 196–97 (3d Cir. 2007) ("[W]here the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.")

Finally, Defendants argue that Plaintiffs have consented to federal court jurisdiction based on representations made to the state court judge. (Defs.' Opp. at 4.) However, it is well settled law that parties cannot consent to federal court jurisdiction. *See, e.g.*, *Am. Fire & Cas.*

*Co. v. Finn*, 341 U.S. 6, 17–18 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by . . . consent of the parties."); *In re Resorts Int'l Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) ("Subject matter jurisdiction cannot be conferred by consent of the parties." (internal quotations omitted)).  The Court cannot create jurisdiction where there is none.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion will be GRANTED and this action will be REMANDED to the New Jersey Superior Court, Law Division, Camden County as part of the consolidated action.  An appropriate order accompanies this opinion.


Date:  July  11th , 2016

                                             s/ Robert B. Kugler
                                            ROBERT B. KUGLER, U.S.D.J.